# SUPREME COURT

AT THE

AUGUST TERM, 1872, HELD AT VIRGINIA CITY.

---

Present:

Hon. DECIUS S. WADE, Chief Justice.
Hon. HIRAM KNOWLES, } Justices.
Hon. JOHN L. MURPHY, }

---

## DAVIS, appellant, v. BLUME et al., respondents.

PRACTICE — *verdict — evidence.* The verdict of a jury will not be disturbed if there is competent evidence to support it.

EVIDENCE — *letter rejected as hearsay — replevin.* In an action to replevy certain cattle from a party who had traded mules for them, the plaintiff cannot introduce as testimony a letter that was written by another party to the sheriff, stating that he had a mortgage upon two of the mules, which were in the custody of the sheriff, under attachment.

SALE OF MORTGAGED PROPERTY. The owner of personal property that has been mortgaged, can sell or exchange the same without affecting the validity of the mortgage.

*Appeal from the Third District, Lewis and Clarke County.*

THIS cause was tried in February, 1872, by a jury, that returned a verdict for Blume. WADE, J., overruled the motion for a new trial, and Davis appealed. The letter of December 6, 1870, referred to in the opinion, informed Boley, the sheriff, that Davis had advised Watson & Bro. of the levy, by the said Boley, on the mules in controversy, as the property of Sample; that Watson & Bro. were the owners of one span of the mules attached by him; that they had leased the same to Blume for $1 per month, and that Watson & Bro. had a bill of sale of said mules from Blume.

The other facts are stated in the opinion.

CHUMASERO & CHADWICK, for appellant.

The court erred in excluding the letter of Watson & Bro. to Boley. It was material and competent evidence. It showed that respondents had no authority to trade off the mules, and that Watson & Bro. had refused to ratify the trade made by respondents. The letter was properly identified. 1 Phil. on Ev. 184, 185.

The verdict of the jury is clearly against the evidence. The testimony showed that the trade between Sample and respondents was a conditional sale, which appellant and Watson & Bro. had refused to ratify. The jury found that the trade was an unconditional sale.

SHOBER & LOWRY and G. G. SYMES, for respondents.

The trade between Sample and respondents was unconditional. Respondents satisfied the mortgage of Watson & Bro. on one span of the mules. One party cannot rescind a contract, unless both can be restored to the condition in which they were before the contract was made. 2 Pars. on Cont. 679, 680, 780. Appellant could not claim the cattle without returning the mules. *Hunt* v. *Silk*, 5 East. 249.

The letter of Watson & Bro. was hearsay evidence, and inadmissible. 1 Greenl. on Ev., § 99. The letter was not

between the parties to the action, and could have no weight if admitted.

The case was fairly presented by the instructions given at the instance of appellant. The verdict was authorized by the evidence. If there was a conflict of evidence, the verdict will not be disturbed. *Ming* v. *Truett*, Jan. T., 1871; *Kimball* v. *Gearhart*, 12 Cal. 27.

WADE, J. This was an action of replevin, brought by plaintiff, to recover the possession of twelve head of cattle from the defendant.

The testimony shows that the defendant became possessed of the cattle by virtue of having traded for them four mules, with one Sample, an agent of the plaintiff. It seems that Watson & Bro., of Helena, were the owners of a certain mortgage upon two of the mules, and the plaintiff claimed that the sale was not an absolute but a conditional sale, depending for its ratification upon the consent of Watson & Bro., and upon the plaintiff, the trade having been made in his behalf, by his agent, Sample. The trial resulted in a verdict for defendant. Motion for a new trial was made and overruled, and this action of the court is one of the errors complained of.

We have frequently decided that this court cannot disturb the verdict of a jury where there is competent evidence to support such verdict. We have carefully examined the evidence in the case. The leading and conclusive question in the case was whether or not this trade between the parties was a conditional or an unconditional one, and whether or not Sample had authority, as agent, to make the trade. These questions were clearly and fairly presented to the jury, by instructions that neither party have found any fault with, and we are satisfied that the jury found by their verdict according to the weight of evidence. There is not only evidence to support the verdict, but the weight of evidence is in favor of the verdict.

2. The next and only remaining question presented by the

record is, as to the action of the court in excluding a certain letter offered by plaintiff to be read in evidence.

It seems that after the mules were traded for and received by Sample, they were attached at the suit of one Holback for a debt against Sample, and were taken possession of by the sheriff of Jefferson county ; and, while the sheriff had possession of the mules, Watson & Bro. wrote a letter to the sheriff informing him of their claim upon the mules. This letter was obtained by the plaintiff and offered in evidence, and excluded by the court.

We are unable to see the materiality of the letter if it had been competent evidence, and it was clearly incompetent, being nothing more or less than hearsay testimony. If Watson & Bro. had had a conversation with the sheriff, and informed him of their claim upon the mules, no one would have supposed that the sheriff could come into court and detail that conversation in evidence ; and these claims of Watson & Bro. having been written down in a letter, does not change the character of the evidence.

If the letter had been received in evidence it could have furnished no light upon the question at issue. Suppose Watson & Bro. had a mortgage upon the mules, this would not have changed, or in any manner interfered with, the right of defendant to trade them, subject to the mortgage. A chattel mortgage upon personal property does not prevent an unconditional sale thereof. The mortgage remains good, notwithstanding the sale or exchange of the property, and the object in requiring mortgages of this kind to be filed with the recorder is to give notice to the public, so that where sales and exchanges are made no one will be deceived thereby.

*Judgment affirmed.*